CHARLES E. BROWN

*v.*

THE ILLINOIS, IOWA AND MINNESOTA RAILWAY CO.

*Opinion filed April 20, 1904.*

1. EMINENT DOMAIN—*when condemnation verdict will stand, on appeal.* A condemnation verdict within the range of conflicting testimony and rendered after the jury viewed the premises will not be set aside on appeal as excessive or inadequate, unless it is manifestly against the weight of all the evidence.

2. SAME—*when admitting incompetent evidence will not reverse.* Admitting incompetent evidence as to the amount which it will cost the petitioner to fill in the land condemned to make it suitable for the purpose of petitioner is not reversible error, unless it is apparent the jury were misled to defendant's prejudice.

3. SAME—*when admitting master's certificate of sale of adjoining property is not error.* If defendant's witness testifies, as a basis for his opinion of the value of the property condemned, that he understood adjoining property was sold on foreclosure for between $300 and $400 per acre, the master's certificate of sale showing the price to be but $63 per acre is properly admitted in rebuttal.

APPEAL from the County Court of Kane county; the Hon. M. O. SOUTHWORTH, Judge, presiding.

SEARS & SMITH, for appellant.

MURPHY & ALSCHULER, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

On the 18th day of August, 1903, appellee filed its petition in the county court of Kane county, under the Eminent Domain act, to condemn a part of block 1 in Hercules Park addition to the city of Aurora, there being about 12.7 acres sought to be taken by the petitioner. No claim is made for damages to land not taken. After the jury were empaneled and sworn to try the case they made a personal inspection of the premises sought to be condemned, and after such inspection evidence was introduced by both appellant and appellee as to the value of

the said premises, and after being properly instructed the jury returned a verdict fixing the compensation to be paid appellant for the land taken, at $2000. Judgment was entered on the verdict, from which respondent appeals to this court.

There are no instructions complained of and no questions of law presented, except the objection to certain evidence introduced by the petitioner.

It is also claimed by appellant that the verdict is inadequate, but it is not disputed by him that the compensation awarded by the jury is within the range of values as testified to on the trial, six witnesses having testified for appellee fixing the value of the tract designated at from $45 to $75 per acre, and six witnesses testified for appellant fixing the value at from $400 to $900 per acre. We have repeatedly held that when there is a conflict in the evidence and the jury view the premises, a verdict will not be disturbed unless it is manifestly against the weight of all the evidence introduced in the case. Here the evidence is apparently evenly divided, two sets of witnesses fixing the value at widely different amounts, and under the circumstances the verdict will not be disturbed on the ground that the allowance is too small.

Upon the trial of the case the petitioner introduced evidence to show that the property in question was very low and marshy, and that it would cost to exceed $29,000 to fill it up to a level with the land on either side, to make it accessible to the uses for which it was sought to be put by appellee. The evidence as to the cost of filling up and improving the land to make it suitable for the purposes for which appellee desired the same was not competent evidence, but unless it appears that the jury were misled by such evidence the verdict ought not to be disturbed. The evidence shows that the land was used by appellant for pasture, only, and was low and marshy and subject to overflow; that its rental value did not exceed three dollars per acre, and that it was not a

profitable piece of land, so far as any income was derived from it by appellant; and, the verdict being for about three times as much as the witnesses for the petitioner testified the land was worth, we cannot say that the jury were prejudiced or influenced by reason of such evidence, inasmuch as appellant has, apparently, received just compensation, taking into consideration the uses to which he has devoted the land and the uses to which it was adapted.

It is also insisted by appellant that a master's certificate offered in evidence, showing what other property sold for in the neighborhood of this property, was not proper evidence. But the record shows that a witness for appellant testified, on his direct examination, that he considered the land in question was worth from $600 to $700 per acre, and on cross-examination gave as the basis of his opinion that he understood the piece of land described in the master's certificate, on a foreclosure sold for between $300 and $400 per acre. The master's certificate was proper evidence to rebut this evidence, showing that the land, under the foreclosure, sold for about $63 per acre, and, apparently being introduced for this purpose, we are unable to say that it was error.

Other evidence introduced by the petitioner is complained of, but inasmuch as it was stricken out by the court we are unable to see how appellant could be seriously injured by reason of its introduction, as, where improper evidence is stricken out by the court, it will not be reversible error, unless it appears that the jury were influenced by reason of the introduction of the same.

Finding no reversible error, the judgment of the county court of Kane county will be affirmed.

*Judgment affirmed.*